ALD-029                                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2638
_____

IN RE: CHARLES BELLON,

                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. Nos. 3-15-cv-00131 & 3-21-cv-00100)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 18, 2021
Before:  JORDAN, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed: December 1, 2021)
_____

OPINION*
_____

PER CURIAM

        Charles Bellon petitions for a writ of mandamus requiring the District Court to

rule in two pending matters.  We will deny his petition.

                                        I.

        In 2006, Bellon was convicted in Blair County, Pennsylvania, of numerous

charges relating to his role in a cocaine trafficking ring.  The charges included 11 counts

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

of possession with intent to deliver cocaine. The trial court sentenced him to an aggregate term of 31 to 62 years in prison, which included sentences of 7-14 years on 10 of the possession-with-intent counts.

Bellon later filed a federal habeas petition challenging these convictions. (W.D. Pa. Civ. No. 3-15-cv-00131.) He argued, inter alia, that his sentences of 7-14 years on 10 of the possession-with-intent counts were illegal because the maximum sentences for those counts was 10 years. The District Court agreed and granted a conditional writ requiring the Blair County Court of Common Pleas to vacate Bellon's sentence and impose a new one in which the maximum sentence for each of the 10 possession-with-intent counts would be 10 years. The Court of Common Pleas then reduced Bellon's maximum sentence on those counts to 10 years and reduced his aggregate sentence from a term of 31 to 62 years to a term of 31 to 46 years. The Pennsylvania Superior Court affirmed on February 23, 2021.

Thereafter, Bellon challenged his new sentence in the two District Court proceedings at issue here. First, in Bellon's habeas proceeding, he filed a motion to enforce the District Court's judgment. He claimed, inter alia, that the habeas judgment required the Court of Common Pleas to conduct a plenary resentencing and that his new sentence is illegal because the court did not do so. Second, Bellon filed a new action under 42 U.S.C. § 1983 in which he repeated the same claim. (W.D. Pa. Civ. No. 3-21-

---

constitute binding precedent.

2

cv-00100.)  Both of these matters remain pending.  Bellon now has filed a mandamus

petition seeking an order directing the District Court to rule on these matters.

II.

Mandamus is an extraordinary remedy that we have the discretion to grant if the

petitioner has a clear and indisputable right to relief and no other means to obtain it.  See

Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Mandamus may be appropriate when

a District Court's delay in ruling on a pending matter "is tantamount to a failure to

exercise jurisdiction."  Id.  We read Bellon's petition to invoke this principle and seek an

order directing the District Court to rule on his two pending matters.[1]  We deny

mandamus relief as to both.

First, Bellon seeks a ruling on his motion to enforce the District Court's judgment

in his habeas proceeding.  Bellon argues that his motion has been ripe for disposition

since May 7, 2021, when he filed his reply to the Commonwealth's response.  As we

observed in Madden, a delay of that length in a habeas proceeding can raise concerns.

See id. at 76, 79 (addressing a four and a half month delay in ruling on objections to a

Report and Recommendation).

As in that case, however, the delay in this case "does not yet rise to the level of a

denial of due process."  Id. at 79.  Since Bellon filed his reply, he also has filed motions

---

[1] Bellon's petition can also be read to seek an order requiring the District Court to issue a
specific ruling granting him relief on the merits.  To that extent, his petition is denied
because, if the District Court rules against him, he can appeal.  See Madden, 102 F.3d at

3

for a status conference and to convert the conditional writ to an absolute writ. (W.D. Pa. Civ. No. 3-15-cv-00131, ECF Nos. 105 & 106.) On September 22, 2021, a Magistrate Judge denied those motions and noted that Bellon's underlying motion to enforce "has been fully briefed and . . . will require me to write a Report and Recommendation." (ECF No. 107.) This order reveals that the Magistrate Judge is aware of Bellon's motion and intends to address it in due course.[2] The parties can then object to the Magistrate Judge's report and obtain a ruling from the District Court. Bellon has not raised anything warranting our intervention in this process at this time.[3]

Second, Bellon also seeks a ruling in his § 1983 action. Bellon's specific complaint is that the District Court has taken too long to rule on his motion to proceed in forma pauperis. But that motion was later granted by the Magistrate Judge on September 21, 2021. (W.D. Pa. Civ. No. 3-21-cv-00100, ECF No. 10.) The next day, the Magistrate

---

79. We express no opinion on the merits of Bellon's challenges.

[2] Bellon has not specifically argued that we should direct the Magistrate Judge to issue a report. To the extent that his petition can be read to request that specific relief, we deny it for the reasons explained herein and because he can seek relief from the District Court in the first instance. Cf. Cole v. U.S. Dist. Ct., 366 F.3d 813, 817-18 (9th Cir. 2004) (explaining in the mandamus context that Magistrate Judges who are not acting on the parties' consent are subject to the District Court's supervision). We express no opinion on whether such relief might be warranted if sought in the District Court.

[3] Bellon argues that he already has experienced protracted delay in state court and already has served 16 years of his now 31-46 year sentence. Bellon apparently believes that, although the District Court granted relief as to his maximum sentence, his minimum sentence should be shorter too and he should be released from prison. Once again, we express no opinion on the merits of that issue. For purposes of this mandamus petition, however, Bellon has not shown a clear and indisputable right to an immediate ruling.

Judge issued a report recommending the dismissal of Bellon's complaint. (ECF No. 12.) At Bellon's own request, the Magistrate Judge has twice extended his deadline to file objections to the report, most recently until December 1, 2021. (ECF No. 17.) Thus, Bellon has not shown any basis for our intervention in this proceeding either.

III.

For these reasons, we will deny Bellon's mandamus petition.